United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 8, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40533
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

EVONNE CASTILLO, also known as Evonne Salinas-Castillo,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-1527-ALL
--------------------

Before KING, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

     Evonne Castillo appeals her sentence following her jury-
trial conviction on two counts of transporting illegal aliens for
purpose of commercial advantage or private financial gain, in
violation of 8 U.S.C. § 1324.

     Castillo argues that the district court erred by not
applying the three-level reduction under the "other than for
profit" clause of U.S.S.G. § 2L1.1(b)(1).  Because Castillo was
charged with and the jury found that she transported the illegal

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

aliens "for purpose of commercial advantage or private financial gain," she does not qualify for such a reduction.

Castillo also argues that the district court erred by increasing her sentence for creating a substantial risk of death or serious bodily injury to another person based on facts not alleged in the indictment or found by the jury, in contravention of United States v. Booker, 543 U.S. 220 (2005), and in violation of her Sixth Amendment rights. This argument lacks merit. By rendering the Sentencing Guidelines advisory only, Booker eliminated the Sixth Amendment concerns that prohibited a sentencing judge from finding all facts relevant to sentencing. United States v. Mares, 402 F.3d 511, 519 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005); United States v. Alonzo, ___ F.3d ___, No. 05-20130, 2006 WL 39119 at * 1-*2 (5th Cir. Jan. 9, 2006).

Post-Booker sentences are reviewed only for "unreasonableness." Mares, 402 F.3d at 518. If, in the exercise of discretion, the sentencing judge imposes a sentence within a properly calculated guideline range, we will infer that consideration was afforded all the factors for a fair sentence set forth in the Guidelines. Id. at 519. Moreover, given the deference due the sentencing judge's discretion, we will rarely say that a sentence within the properly calculated Guideline range was unreasonable. Id.

Here, the district court fulfilled its duty to consider the 18 U.S.C. § 3553 factors and sentenced Castillo within a properly calculated guidelines range. Castillo has failed to demonstrate that her properly calculated guidelines sentence was unreasonable. See Mares, 402 F.3d at 519; Alonzo, 2006 WL 39119 at *3.

AFFIRMED.